**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-31259

---

In Re: In the Matter of the complaint: T.L. JAMES & COMPANY INC., as owner of the Crane Barge ALROAR, praying for Exoneration from or Limitation of Liability; T.L. JAMES & COMPANY INC., as owner of the Crane Barge BILL JOHNSON, praying for Exoneration from or Limitation of Liability

Petitioners

---

TEXACO TRADING AND TRANSPORTATION, INC.; TEXACO PIPELINE INCORPORATED; TEXACO INC.; EQUILON PIPELINE CO., LLC; EQUILON ENTERPRISES, LLC

Plaintiffs - Appellants

VERSUS

LAINE CONSTRUCTION COMPANY INC.; ET AL

Defendants

T.L. JAMES & COMPANY INC.

Defendant - Appellee

---

T.L. JAMES & COMPANY INC., as owner of the Crane Barge ALROAR

Petitioner - Appellee

VERSUS

LAINE CONSTRUCTION COMPANY INC.; ET AL

Claimants

TEXACO PIPELINE INC.; TEXACO INC.

Claimants - Appellants

EQUILON PIPELINE COMPANY, LLC, successor-in-interest to Texaco
Pipeline, Inc.; EQUILON ENTERPRISES, LLC, successor-in-interest to
Texaco Trading and Transportation Inc. and Texaco Inc.

Movants - Appellants

---

T.L. JAMES & COMPANY INC., as owner of the Crane Barge BILL JOHNSON

Petitioner - Appellee

VERSUS

LAINE CONSTRUCTION COMPANY INC.; ET AL

Claimants

TEXACO PIPELINE INC; TEXACO INC.; EQUILON PIPELINE COMPANY, LLC, as
successor-in-interest to Texaco Pipeline Inc. and Texaco Inc.

Claimants

---

Appeal from the United States District Court
For the Eastern District of Louisiana, New Orleans

(EP-00-CV-279-H)

April 3, 2002

ON PETITION FOR REHEARING AND REHEARING EN BANC

Before EMILIO M. GARZA, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this
panel nor judge in regular active service on the court having
requested that the court be polled on Rehearing En Banc, (FED. R.
APP. P. and 5TH CIR. R. 35) the Petition for Rehearing En Banc is

also DENIED.

Judge Emilio M. Garza would grant panel rehearing for the reasons expressed in his dissent to the panel opinion. He would also grant rehearing to remove any suggestion from the panel opinion that T.L. James may be held to indemnify parties irrespective of their own negligence.